UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR DANIEL SANDOVAL-RUAN,<br><br>Petitioner,<br><br>v.<br><br>JOHN ARCHAMBEAULT, San Diego Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, et al.,<br><br>Respondents. | Case No.: 3:26-cv-02358-RBM-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Hector Daniel Sandoval-Ruan's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in or about 1995 without being admitted or paroled. (*Id.* ¶ 18.) He has three United States citizen children, "significant family and community ties in the United States," and no criminal history. (*Id.* ¶¶ 19–20.) On March 11, 2026, Petitioner was taken into ICE custody, and has remained detained at the Otay Mesa Detention Center since then. (*Id.* ¶ 21.) He is currently

in removal proceedings and, at the time of filing the Petition, in the process of pursuing asylum and related protections. (*Id.* ¶ 23.)  Petitioner has not received a bond hearing, representing that immigration judges lack authority to hold them under the Board of Immigration Appeals' interpretation of 8 U.S.C. § 1225(b). (*See id.* at 3.)

On April 14, 2026, Petitioner filed his Petition. (Doc. 1.)  The same day, the Court set a briefing schedule. (Doc. 2.)  On April 21, 2026, Respondents filed their Return to Petition for Writ of Habeas Corpus. (Doc. 5.)  Petitioner was authorized to file a reply on or before April 24, 2026, but did not file one.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his continued detention violates the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 30–38.)  Respondents do not substantively respond to Petitioner's arguments, indicating only that they do not oppose Petitioner receiving a bond hearing. (Doc. 5 at 1–2.)

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory

2

detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for many years. *Id.* at \*1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on March 11, 2026, after having resided in the United States for about 30 years. (Doc. 1 ¶¶ 18, 21.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at \*3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her

3:26-cv-02358-RBM-BJW

community or a risk of flight.[2]

**IT IS SO ORDERED.**

DATE:  April 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[2]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-02358-RBM-BJW